NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| PHILIP BARBER, | : |
| Plaintiff, | : Civil No. 21-00923 (RBK/KMW) |
| v. | : **OPINION** |
| DEPUY SYNTHES PRODUCTS, INC.; DEPUY SYNTHES SALES, INC.; SYNTHES USA PRODUCTS, LLC.; ABC CORPORATIONS 1-15; | : |
| Defendants. | : |

**KUGLER**, United States District Judge:

This matter comes before the Court upon Defendants' Motion to Dismiss (Doc. 6). For the reasons set forth below, the motion is **DENIED.** The Court finds that it lacks personal jurisdiction over Defendants but that it is in the interest of justice to transfer the matter to the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1631.

**I.    BACKGROUND**

This case arises out of a product liability claim pursuant to the New Jersey Products Liability Act ("PLA"), N.J.S.A. § 2A:58C-1 and a breach of express warranty claim pursuant to N.J.S.A. § 12A:2-313. Plaintiff Philip Barber underwent back surgery at Penn Presbyterian Medical Center in Philadelphia, Pennsylvania.  Plaintiff alleges that a transforaminal lumbar interbody fusion ("TLIF") cage used during the surgery defected, causing him personal injuries. The TLIF cage, which was designed, manufactured, marketed, distributed, and sold by the

1

collective Defendants, failed to detach from the stylet used to place the cage, leading to injuries and extended surgery time. (Doc. 1-1, "Compl." ¶¶ 6, 8, 10, 15–16).

Plaintiff filed this case in the Superior Court of New Jersey Law Division, Civil Part, Atlantic County. (Compl. 1). Defendants properly removed to this Court and filed the present Motion to Dismiss (Docs. 6, 7) asserting that the Court lacks personal jurisdiction over Defendants, and Plaintiff's Complaint fails to state a claim upon which relief can be granted. Plaintiff opposes and argues (1) that this Court can assert general jurisdiction over Defendants, and (2) the Complaint sufficiently pleads three of the four claims (Doc. 8). In the alternative, Plaintiff argues this Court should transfer venue to the Eastern District of Pennsylvania, where the surgery occurred. (Doc.8).

## II.   LEGAL STANDARD

### A.  Motion to Dismiss for Lack of Personal Jurisdiction

When a defendant raises a personal jurisdictional objection, the plaintiff bears the burden of showing that jurisdiction is proper. *Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992). A plaintiff meets this burden by presenting a prima facie case for the exercise of personal jurisdiction, which requires that he or she establish "with reasonable particularity sufficient contacts between the defendant and the forum state." *Id*. (citing *Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434 (3d Cir. 1987)). It is insufficient to rely on the pleadings alone; rather, a plaintiff must establish facts relevant to personal jurisdiction by affidavits or other competent evidence. *Patterson v. Fed. Bureau of Investigation*, 893 F.2d 595, 603–04 (3d Cir. 1990) (citing *Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 67 n.9 (3d Cir. 1984)); *see also N. Penn Gas v. Corning Natural Gas*, 897 F.2d 687, 688 (3d Cir. 1990) ("A determination of minimum contacts is based upon findings of fact.").

To determine whether it may exercise personal jurisdiction over a defendant, a federal court sitting in diversity must undertake a two-step inquiry. *IMO Indus., Inc. v. Kiekert, AG*, 155 F.3d 254, 259 (3d Cir. 1998). First, the court must apply the relevant state long-arm statute to see if it permits the exercise of personal jurisdiction. *Id.*; *see also Marten v. Godwin*, 499 F.3d 290, 296 (3d Cir. 2007) (quoting Fed. R. Civ. P. 4(k)) ("[A] federal district court may assert personal jurisdiction over a nonresident of the state in which the court sits to the extent authorized by the law of that state."). Second, the court must apply the principles of due process. *IMO Indus., Inc.*, 155 F.3d at 259. In New Jersey, this inquiry is combined into a single step because the New Jersey long-arm statute permits the exercise of personal jurisdiction to the fullest extent permissible under the Due Process Clause. *Id.*; *see also Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 145 (3d Cir. 1992) (citing N.J. Court R. 4:4–4(c)) ("The New Jersey long-arm rule extends to the limits of the Fourteenth Amendment Due Process protection."). Due process permits the exercise of personal jurisdiction over a nonresident defendant where the defendant has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Provident Nat'l Bank*, 819 F.2d at 437 (internal citations and quotations omitted).

A plaintiff may establish personal jurisdiction by proving the existence of either specific or general jurisdiction. *Id*. To establish specific jurisdiction, a plaintiff must demonstrate that "the particular cause of action sued upon arose from the defendant's activities within the forum state." *Id*. On the other hand, to establish general jurisdiction, the plaintiff must "show significantly more than mere minimum contacts"; the defendant's forum contacts must be "continuous and substantial." *Id*. (citing *Gehling v. St. George's Sch. of Med., Ltd.*, 773 F.2d 539, 541 (3d Cir. 1985); *Compagnie des Bauxites de Guinea v. Ins. Co. of N. Am.*, 651 F.2d 877 (3d Cir. 1981)).

### B. Transfer

If a court determines that it lacks personal jurisdiction over the defendant, it has the option of dismissing the action or transferring it to any district in which it could have been brought. 28 U.S.C. § 1631; *see D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd.,* 566 F.3d 94, 110 (3d Cir. 2009) (directing the district court on remand to consider transfer pursuant to § 1631 where personal jurisdiction was lacking); *Island Insteel Sys., Inc. v. Waters,* 296 F.3d 200, 218 n. 9 (3d Cir.2002) (stating that, where a court lacks personal jurisdiction, it can transfer the action pursuant to § 1631); *Gallant v. Tr. of Columbia Univ.,* 111 F.Supp.2d 638, 648 (E.D. Pa. 2000) (transferring action under § 1631 where court lacked personal jurisdiction). Because transfer is preferred over dismissal, there is a rebuttable presumption in favor of transfer. *Britell v. United States,* 318 F.3d 70, 73 (1st Cir. 2003); *Pacific Emp'rs Ins. Co. v. AXA Belgium S.A.,* 785 F.Supp.2d 457, 475 (E.D. Pa. 2011). The presumption may be rebutted only if transfer would not be in the interest of justice. *Britell,* 318 F.3d at 74.

### III. DISCUSSION

The Court first addresses Defendants' argument that the Court lacks personal jurisdiction over Defendants. Plaintiff's only response to this argument is that this Court has general jurisdiction over Defendants. (Doc. 8). Because Plaintiff bears the burden of showing jurisdiction is proper, this Court will not address the issue of specific jurisdiction in detail.[1]

---

[1] This Court agrees with Defendants, however, that we do not have specific jurisdiction over this matter. The incident giving rise to the complaint occurred in the Eastern District of Pennsylvania, immediately falling short of the requirement that the cause of action arise from a defendant's contacts with the forum State. The exception recently carved out by the Supreme Court in *Ford* – which neither Defendants nor Plaintiff address in their briefing – still requires the injury in question to occur in the State where the lawsuit is brought. *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.,* 141 S. Ct. 1017, 1022 (2021) (holding that when a large company markets a product in a State and that product causes injury in that State, it matters not if the product involved was first sold, designed, or manufactured in the forum State).

### A. General Jurisdiction

Courts have general jurisdiction over individuals when a defendant's contacts with the forum state are "so continuous and systematic as to render them essentially at home in the forum state." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (citations omitted). "[T]he paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (citations omitted).

Defendants assert—and Plaintiff does not deny—that Defendants do not meet the traditional criteria for general jurisdiction as outlined in *Daimler*. DePuy Synthes Products, Inc. is a Delaware corporation with its principal place of business in Massachusetts, while DePuy Synthes Sales, Inc. is a Massachusetts corporation with its principal place of business in Massachusetts. (Doc. 1, ¶¶ 12, 13). Rather, Plaintiff claims that this case presents an "exceptional case," as laid out by the *Daimler* Court. In *Daimler*, the Court noted that a "corporation's operations in a forum other than its formal place of incorporation or principal place of business may be so substantial and of such a nature as to render the corporation at home in that State" for the purpose of general jurisdiction. *Daimler*, 571 U.S. at 154 n.9. To support this claim, Plaintiff merely alleges that the "continuous and systematic sale" of DePuy Synthesis products in New Jersey, coupled with the presence of DePuy Synthes sales consultants in the operating rooms is sufficient. The Court finds this argument unpersuasive. In *Daimler*, the Court declined to hold that a company's "sizeable sales" satisfied such an exceptional case. Here, Defendants have arguably even more attenuated contacts with the forum state than the defendant did in *Daimler*. Additionally, where plaintiffs have failed to offer proof supporting a claim of "continuous and systematic" contacts, this Circuit has declined to exercise jurisdiction over a company that does not fall under the two paradigmatic

5

bases of general jurisdiction. *See Fisher v. Teva PFC SRL*, 212 F. App'x 72, 76 (3d Cir. 2006) (finding that nonspecific claims of sales in New Jersey and scattered employee visits to New Jersey did not support general jurisdiction over the defendants). Plaintiff here does not assert any evidence or proof that would otherwise rebut the assumption that Defendants are not subject to general jurisdiction. Accordingly, the Court declines to find that this is an "exceptional case" that would warrant exercising general jurisdiction over Defendants.

Plaintiff also assert that this Court has general jurisdiction by the nature of the Defendants' parent company, Johnson & Johnson. (Doc. 8 at 1). Johnson & Johnson is headquartered in New Jersey. (Doc. 8 at 1). It is well established in this Circuit, however, that "a parent-subsidiary relationship is by itself an insufficient reason to pierce the corporate veil in the jurisdictional context." *Dutoit v. Strategic Mins. Corp.*, 735 F. Supp. 169, 171 (E.D. Pa. 1990), *aff'd*, 922 F.2d 830 (3d Cir. 1990) (citing *Cannon Mfg. Co. v. Cudahy Packing Co.*, 267 U.S. 333 (1925)). To impute the activities of a parent company to a subsidiary, a Plaintiff must show that "the independence of the separate corporate entities was disregarded." *Fisher*, 212 F. App'x at 76 (3d Cir. 2006) (citing *Lucas v. Gulf & Western Indus., Inc.*, 666 F.2d 800, 806 (3d Cir.1981); *accord Seltzer v. I.C. Optics, Ltd.*, 339 F.Supp.2d 601, 609 (D.N.J. 2004)). Here, Plaintiff provides nothing other than the bare assertion that the Defendants are "part of the Johnson & Johnson family of companies." This is insufficient to show that the entities lack independence from Johnson & Johnson. *See Eldon v. Brown,* No. CIV 08-5422 RBK/AMD, 2010 WL 415317, at *2–3 (D.N.J. Jan. 29, 2010) (holding that where the plaintiffs have provided no support for the theory that the independence of two corporate entities is disregarded other than reference to the entities' parent-subsidiary relationship, no theory of jurisdiction has been established); *see also Levy v. Jaguar Land Rover N. Am., LLC,* No. CV 19-13497, 2020 WL 563637, at *5 (D.N.J. Feb. 4, 2020)

(holding that because Plaintiffs provided no facts that allege "joint decision-making, shared corporate structure, or "whether the independence of the separate corporate entities were disregarded," Plaintiffs' jurisdictional allegations were merely conclusory). Because Plaintiff has failed to establish that Defendants had "continuous and systematic contacts," either through Defendants' operations in New Jersey or its parent-subsidiary relationship with Johnson & Johnson, the Court concludes that it lacks personal jurisdiction over Defendants.

Because this Court does not have personal jurisdiction over Defendants, the Court will not reach the Defendants' arguments regarding whether Plaintiff's complaint states a claim under Rule 12(b)(6).

### B. Venue Transfer

Having determined that the Court may not exercise personal jurisdiction over Defendants, the Court notes that venue in this district is also improper pursuant to 28 U.S.C. § 1391(b), which provides: "[a] civil action wherein jurisdiction is not founded solely on diversity of citizenship may . . . be brought only in (1) a judicial district where any defendant resides, if any defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought."

Whenever a party files a civil action in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed."[2] 28 U.S.C. § 1631. "Dismissal is considered to

---

[2] Plaintiff mentions both 28 U.S.C. § 1404(a) and 1406(a) when suggesting this Court should transfer this action to the Eastern District of Pennsylvania. Section 1404(a) is clearly improper, as the original venue was improper. Section 1406 is the appropriate remedy when the original venue is improper. However, 28 U.S.C. § 1631 governs transfer when there is "a want of jurisdiction," which is the applicable statutory provision in this case. *Magill v. Elysian Glob. Corp.*, No. 120CV06742NLHAMD, 2021 WL 1221064, at *8 (D.N.J. Apr. 1, 2021) (citing *Chavez v. Dole Food Company, Inc.*, 836 F.3d 205, 224 (3d Cir. 2016)).

be a harsh remedy . . . and transfer of venue to another district court in which the action could originally have been brought, is the preferred remedy." *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962). It is well settled in this Circuit that "a district court that lacks personal jurisdiction must at least consider a transfer." *Brainbuilders LLC v. EmblemHealth, Inc.*, No. CV2012703FLWTJB, 2021 WL 2025004, at *6 (D.N.J. May 21, 2021) (citing *Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 132 (3d Cir. 2020)).

Plaintiff argues, and this Court agrees, that personal jurisdiction exists in the Eastern District of Pennsylvania under a specific jurisdiction theory. The injury occurred while Plaintiff underwent surgery in Philadelphia, in a hospital serviced by DePuy Synthes sales consultants. (Doc. 8 at 4). This case is in the early stages of litigation; thus Plaintiff would not unfairly benefit from transfer, and Defendant would not impose unwarranted hardship on Defendants. *Matthews v. Am.'s Pizza Co., LLC*, No. 13-6905, 2014 WL 1407664, at *2 (E.D. Pa. Apr. 10, 2014). Therefore, in the interests of justice, the Court concludes that transfer under § 1631 is appropriate in this case.

### IV. CONCLUSION

For the reasons contained herein, the Motion to Dismiss is **DENIED**. The Court will, however, transfer the case to the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1631. An accompanying Order shall issue.

Dated: 7/21/2021                                                                 /s/ Robert B. Kugler
                                                                                 ROBERT B. KUGLER
                                                                                 United States District Judge